NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

No. 09A194

## STEVEN O'BRIEN, SUPERINTENDENT, OLD COLONY CORRECTIONAL CENTER *v.* MICHAEL O'LAUGHLIN

ON APPLICATION FOR STAY

[August 26, 2009]

JUSTICE BREYER, Circuit Justice.

This case arises on an application made to me in my capacity as Circuit Justice. The Commonwealth of Massachusetts seeks a stay of the mandate or, in the alternative, imposition of bail and other conditions on the release of respondent. Respondent was convicted in state court for burglary and assault offenses arising from the severe beating of a woman in her home. On appeal, his convictions were reversed for insufficient evidence by the intermediate appellate court and then reinstated by the Supreme Judicial Court. Respondent then filed a petition for a writ of habeas corpus in the District Court. The District Court denied the petition. The Court of Appeals reversed the District Court, granted respondent's habeas petition, and ordered respondent's immediate and unconditional release. 568 F. 3d 287 (CA1 2009). The Court of Appeals denied the Commonwealth's motion for a stay of the mandate or, in the alternative, for the imposition of bail and eight other conditions of release.

The Commonwealth now applies to me for the same relief. Respondent opposes the application for a stay. With respect to bail and the other eight proposed condi-

tions of release, respondent opposes only the Commonwealth's request for $100,000 in bail. Respondent asserts that his family and friends will be able to raise only $10,000 on his behalf.

There is a presumption of release pending appeal where a petitioner has been granted habeas relief. See *Hilton* v. *Braunskill*, 481 U. S. 770, 774 (1987); Fed. Rule App. Proc. 23(c); this Court's Rule 36.3(b). However, this presumption can be overcome if the traditional factors regulating the issuance of a stay weigh in favor of granting a stay. These factors are: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits, which, in this context, means that it is reasonably likely that four Justices of this Court will vote to grant the petition for writ of certiorari, and that, if they do so vote, there is a fair prospect that a majority of the Court will conclude that the decision below was erroneous; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Hilton*, *supra*, at 776; *Rostker* v. *Goldberg*, 448 U. S. 1306, 1308 (1980) (Brennan, J., in chambers).

With respect to the first factor, the Commonwealth has not yet filed a petition for certiorari, but has indicated what its arguments will be when it does file a petition. Having examined the Commonwealth's tentative arguments, I do not find it reasonably likely that four Justices of this Court would vote to grant a petition for certiorari to decide this case, or that there is a fair prospect that this Court will reverse the decision below. The remaining factors weigh respondent's liberty interest in release against the Commonwealth's interests in continuing custody and preventing respondent's flight, as well as the interest in preventing danger to the public. The Commonwealth's interest in continuing custody is strong given

Opinion in Chambers

that respondent has a lengthy remaining sentence extending to 2050. However, the Commonwealth has made no showing that he poses an especial flight risk or danger to the public. Respondent's liberty interest in release is particularly substantial given that it is not reasonably likely that this Court would grant a petition for certiorari filed by the Commonwealth. In sum, principally because of the unlikelihood that certiorari will be granted in this case, I do not find that the presumption in favor of release is overcome by the traditional stay factors. I will therefore deny the Commonwealth's application for a stay.

I will, however, order imposition of bail and other conditions of release to be determined by the District Court. As I have said, the parties agree as to eight of the Commonwealth's proposed conditions of release. The bail imposed must be a practicable amount that respondent can reasonably be expected to raise. Absent further order from this Court or the undersigned, the conditions and bail determined by the District Court shall remain in effect until the deadline for filing a petition for certiorari has passed or, if such a petition is filed, until final resolution of the case by this Court. See this Court's Rule 36.4.

Accordingly, the application for a stay is denied. The stay issued on August 24, 2009, is hereby vacated.

*It is so ordered.*