In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-3535

ARIS ETHERLY,

*Petitioner-Appellee,*

*v.*

GREGORY SCHWARTZ,

*Respondent-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 1:07-cv-00057—**Elaine E. Bucklo**, *Judge.*

ARGUED DECEMBER 11, 2009—DECIDED DECEMBER 31, 2009

Before BAUER, RIPPLE, and KANNE, *Circuit Judges.*

PER CURIAM. In 1997, fifteen-year-old Aris Etherly was convicted by a jury in Illinois state court of murder arising from the shooting death of Jeremy Rush. The court sentenced Etherly to a forty-year term of imprisonment. On appeal, Etherly argued, *inter alia*, that his inculpatory statement was involuntary. His conviction was affirmed by the Illinois Appellate Court, and the Illinois Supreme Court denied leave to appeal. Etherly then filed a petition for a writ of habeas corpus in federal district court.

On August 28, 2009, addressing only Etherly's involuntary statement claim, the district court granted the petition. Subsequently, the district court denied the state's motion for the court to stay its judgment pending appeal, and concurrently granted the state's motion to alter the judgment, ordering that Etherly be retried or released within 120 days. The state then filed a timely notice of appeal to this court.

On December 11, this court heard oral arguments pursuant to 28 U.S.C. §§ 1291 and 2253. We now address the motion to stay, and an opinion regarding the district court's grant of Etherly's petition for a writ of habeas corpus is forthcoming.

When a district court has granted habeas relief, the petitioner is granted a presumption in favor of release pending appeal. *O'Brien v. O'Laughlin*, 130 S. Ct. 5, 6 (2009); *Hilton v. Braunskill*, 481 U.S. 770, 777 (1987). But the state can overcome this presumption "if the traditional factors regulating the issuance of a stay weigh in favor of granting a stay." *O'Brien*, 130 S. Ct. at 6. The factors we review are (1) whether the state has made a strong showing that it is likely to succeed on the merits of its appeal; (2) whether the state will be irreparably harmed absent a stay; (3) whether the issuance of a stay will substantially injure the other parties to the proceeding; and (4) where the public interest lies. *Id.*; *Hilton*, 481 U.S. at 776.

As to the first factor, under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), habeas relief may only be granted when a state court decision is "con-

trary to, or involved an unreasonable application of, clearly established Federal law" or "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000). In light of the highly deferential standard and after having an opportunity to review the arguments, contrary to the district court, we are not persuaded that the state has failed to show a substantial likelihood of success on the merits.

The other factors balance Etherly's interest in release against the state's interest in continuing custody pending appeal, and preventing unnecessary danger to the public. A petitioner's interest in release is unquestionably important, especially when there is a likelihood that the court will rule in favor of the petitioner. The state's interest in continuing custody, however, is also strong due to the fact that Etherly was convicted by a jury for first-degree murder and he has apparently had several incidents of threatened or actual violence according to his Department of Corrections record. Because it is not reasonably likely that this court will affirm the district court's grant of habeas relief, we find that the traditional factors for a stay overcome the petitioner's presumption in favor of release.

We therefore grant the state's motion for a stay of release.