# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

October 15, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 09-3535

| | |
|---|---|
| ARIS ETHERLY,<br>          *Petitioner-Appellee*,<br><br>    *v.*<br><br>RANDY DAVIS, Warden,<br>          *Respondent-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 07 C 0057<br><br>Elaine E. Bucklo,<br>*Judge*. |

## O R D E R

On consideration of the petition for panel rehearing and suggestion for rehearing en banc filed by Petitioner-Appellee on September 8, 2010, the opinion issued in the above-entitled case on August 25, 2010, is hereby **AMENDED** as follows:

Page 15, line 16, the following sentence is added to the beginning of the paragraph: "In other words, while the Illinois court erred in finding that DiGrazia's presence militated in favor of voluntariness, this lone error is not of such magnitude as to result in an unreasonable application of Supreme Court precedent under AEDPA. *See Hardaway*, 302 F.3d at 763."

Page 15, lines 16-19, the following sentence is deleted: "In other words, the youth officer does not, and should not, play the role of a lawyer to the minor. The officer's presence is more than what is required by law to safeguard against any abuse of process or coercion."

Page 15, lines 21-22, the following phrase is deleted: "and was incorrect in concluding that the state appellate court unreasonably weighed its impact"

Page 17, line 16, the following sentence is added to the beginning of the paragraph: "The Illinois Appellate Court considered the appropriate factors in coming to its voluntariness determination and, although it erred in one respect, it did not unreasonably apply Supreme Court precedent. *See Hardaway*, 302 F.3d at 763."

Page 17, line 16, the following sentences are deleted: "The Illinois Appellate Court did not fail to consider relevant material factors or grossly miscalculate the balance. Therefore, in light of the fact that Etherly was read his rights several times and understood them, was questioned for a very limited period of time, and was not coerced, we conclude that the Illinois Appellate Court's determination that Etherly's statement was voluntary under the totality of the circumstances did not fall well outside the boundaries of permissible differences of opinion. It therefore was not objectively unreasonable."

No judge in active service has requested a vote on the petition for rehearing en banc and the judges on the panel have voted to deny rehearing. It is, therefore, ORDERED that rehearing and rehearing en banc are **DENIED**.