STATE of Wisconsin EX REL. Jarrad T. PANAMA,
Petitioner,

v.

Randall HEPP, Warden,
Jackson Correctional Institution,
Respondent.

Court of Appeals

*No. 2008AP84–W. Submitted on a petition May 5, 2008.
—Decided August 7, 2008.*

2008 WI App 146

(Also reported in 758 N.W.2d 806.)

On behalf of the petitioner, the cause was submitted on the petition of *Philip J. Brehm*, Janesville.

On behalf of the respondent, the cause was submitted on the response of *James M. Freimuth*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Higginbotham, P.J., Dykman and Lundsten, JJ.

¶ 1. PER CURIAM.   Jarrad Panama filed a motion seeking to extend the time to file a postconviction motion in this matter, on the grounds that counsel and this court failed to identify an arguably meritorious plea-breach issue during Panama's prior no-merit appeal. Because we had already affirmed Panama's judgment of conviction in the no-merit proceeding, we construed the extension motion as a *Knight* petition and directed the parties to file memoranda. *See State v. Knight*, 168 Wis. 2d 509, 520, 484 N.W.2d 540 (1992) (holding that a habeas corpus petition filed in the court of appeals is the proper vehicle for raising claims of ineffective assistance of appellate counsel).

¶ 2.    Panama now asks this court to reinstate his appeal rights, grant him relief outright, or remand for further proceedings. The State opposes Panama's *Knight* petition on the theory that *State v. Fortier*, 2006 WI App 11, 289 Wis. 2d 179, 709 N.W.2d 893, requires claims of ineffective assistance of appellate counsel to be raised in a WIS. STAT. § 974.06 (2005–06)[1] proceeding when they arise after a no-merit proceeding has already been completed. In the alterative, the State asks for a remand to litigate the questions whether the plea agreement was in fact breached and whether counsel did provide ineffective assistance.

¶ 3.    We reject the proposition that WIS. STAT. § 974.06 is the exclusive remedy for raising claims of ineffective assistance of appellate counsel following no-merit proceedings. *Knight* petitions remain an available avenue, after *Fortier*, for seeking relief in that procedural posture. As we will discuss below, they may even be the favored mechanism in some circumstances. Accordingly, we remand this matter to the trial court to hold a postconviction hearing and make the factual findings necessary for this court to decide the *Knight* petition.

### BACKGROUND

¶ 4.    Panama entered a no-contest plea in accordance with a negotiated plea agreement. The plea agreement specified in relevant part: "There are no agreements as to sentencing but the State will be requesting prison left to the court's discretion." Although that provision appears to be an agreement by the prosecutor to refrain from commenting on the

---

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

length of the sentence the court should impose, at the sentencing hearing, the prosecutor argued: "The presentence report asks that you impose ten years in prison. I concur with that recommendation because of the nature of the offense [and] damage that's been done to the victim." Panama's counsel did not object to this comment and the trial court imposed the recommended ten-year sentence.

¶ 5. Appellate counsel filed a no-merit report that did not address whether the prosecutor's argument violated the plea agreement. This court summarily affirmed Panama's conviction, also without addressing the plea agreement. Shortly thereafter, Panama's counsel became aware that this court had rejected the no-merit report of another defendant on the grounds that the prosecutor arguably breached a similar plea agreement by making a similar comment.

¶ 6. Appellate counsel now contends that trial counsel was ineffective in this case for failing to object to the State's sentencing recommendation as a breach of the plea agreement, and that appellate counsel was ineffective for filing a no-merit report rather than raising the issue in a postconviction motion or on appeal.[2] The threshold issue before us is what mechanism affords the proper avenue to seek relief at this stage.

## DISCUSSION

¶ 7. There are several intersecting and overlapping lines of case law that come into play when address-

---

[2] Both the State and appellate counsel recognize that the claim of ineffective assistance of appellate counsel presents a conflict of interest which will require the appointment of successor counsel for further proceedings.

ing whether a *Knight* petition, a WIS. STAT. § 974.06 motion, or both are available to consider an issue which was not addressed in a prior no-merit appeal—arguably due to the ineffective assistance of postconviction and/or appellate counsel. We begin our analysis with *Knight* itself.

¶ 8. In *Knight*, the Wisconsin Supreme Court held, in what it termed a "close" question, that a circuit court lacks the authority under WIS. STAT. § 974.06 to resolve a direct claim of ineffective assistance of appellate counsel. *Knight*, 168 Wis. 2d at 519, 522. Instead, the court ruled, "a defendant must petition the appellate court that heard the appeal for a writ of habeas corpus." *Id.* at 522. The *Knight* court relied heavily upon cases from assorted jurisdictions which pointed out that, unlike typical postconviction claims, a successful claim of ineffective assistance of appellate counsel "results in an order setting aside the appellate decision, not in an order setting aside the trial proceedings." *Id.* at 517–18 & n.5. It noted the incongruity of having a circuit court set aside an appellate court decision. *Id.* In addition, the Wisconsin Supreme Court reasoned that the court which had heard the appeal during which allegedly ineffective assistance was rendered would be in the best institutional position to evaluate appellate counsel's performance due to its familiarity with the appeal. *Id.* at 521.

¶ 9. This court extended the *Knight* logic in *State ex rel. Rothering v. McCaughtry*, 205 Wis. 2d 675, 556 N.W.2d 136 (Ct. App. 1996). In *Rothering*, we held that a *Knight* petition to this court was *not* the appropriate procedure to challenge appellate counsel's failure to raise an ineffective assistance of trial counsel claim on an appeal where that issue had not first been preserved by a postconviction motion in the trial court. The

116

apparent key to this analysis was that appellate counsel could not be deemed to have provided deficient performance by failing to raise a waived issue in an appellate brief. *See id.* at 677–79, 684 n.6. Therefore, what was really being challenged, we reasoned, was "not what occurred before this court but rather what should have occurred before the trial court by a motion filed by postconviction counsel." *Id.* at 679. We held that our original writ authority on a claim of ineffective assistance of appellate counsel "goes only to those issues argued before this court or preserved in the appellate record without the necessity of a postconviction motion." *Id.* at 683. Accordingly, we concluded that such a claim of ineffective assistance of postconviction counsel should be raised in the circuit court either by a habeas petition or a WIS. STAT. § 974.06 motion. *Id.* at 681. We pointed out that this would allow the circuit court to perform necessary fact finding at the outset, whereas a remand for a postconviction hearing would be required if the multi-layered ineffective assistance of counsel issues were to be raised first in this court. *Id.* at 682; *see also State v. Machner*, 92 Wis. 2d 797, 804, 285 N.W.2d 905 (Ct. App. 1979) (holding that "it is a prerequisite to a claim of ineffective representation on appeal to preserve the testimony of trial counsel").

¶ 10.   We acknowledged in *Rothering*, 205 Wis. 2d at 681, that a defendant seeking to use WIS. STAT. § 974.06 to raise a claim of ineffective assistance of trial counsel after already having had a direct appeal would need to overcome the procedural bar of *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994), which held that claims that could have been raised on a prior direct appeal or postconviction motion cannot be the basis for a § 974.06 motion unless the court finds there was sufficient reason for failing to

117

raise the claim earlier. We suggested, however, that there was nothing in *Knight* to "foreclose the possibility that ineffective postconviction counsel could be a sufficient reason" for having failed to raise on appeal the issue of ineffective trial counsel. *Rothering*, 205 Wis. 2d at 683.

¶ 11. As foreshadowed by *Rothering*, over the following years this court began seeing

> an increasing number of appeals from the denial of motions brought under Wis. Stat. § 974.06, especially those brought by pro se inmates, [containing] an assertion that the reason the newly raised claims of error were not raised in previous postconviction or appellate proceedings is that postconviction or appellate counsel rendered ineffective assistance by failing to present the allegedly meritorious claims.

*State v. Lo*, 2003 WI 107, ¶ 50, 264 Wis. 2d 1, 665 N.W.2d 756 (quoting *State v. Lo*, No. 2001AP843, unpublished slip op., ¶ 56 (WI App. Dec. 28, 2001) (Deininger, J., concurring)). This procedure resulted in a circular analysis whereby a court considering whether to allow a defendant to raise an issue under § 974.06 after failing to raise it on a prior appeal, needed to address the actual merits of the newly raised issue in the context of an ineffective assistance of counsel claim in order to determine whether the defendant should be procedurally barred from obtaining review of the issue. *Id.*

¶ 12. Largely in response to this cumbersome analysis, in *Lo*, the State challenged this court's suggestion in *Rothering* that ineffective assistance of postconviction counsel could provide a "sufficient reason" under Wis. Stat. § 974.06 for a failure to raise a claim in earlier proceedings. *Id.*, ¶¶ 54–55. The State urged the Wisconsin Supreme Court to overrule *Rothering* and to

hold that all review of claims of ineffective assistance of both postconviction and appellate counsel should be by a *Knight* petition in the court of appeals. *Id.*, ¶ 55. While acknowledging the concerns of both the State and this court, the Wisconsin Supreme Court decided that *Lo* was not the appropriate case in which to fashion a solution to the multiple dilemmas presented by the interaction of *Knight, Rothering, Escalona-Naranjo,* and WIS. STAT. § 974.06. *Id.*, ¶¶ 56–57. The court therefore left open the question whether a claim of ineffective assistance of either postconviction or appellate counsel may properly be asserted in a § 974.06 motion as a "sufficient reason" why an issue was not raised in prior proceedings, so as to overcome the *Escalona-Naranjo* bar.

¶ 13. Meanwhile, this court extended the *Escalona-Naranjo* doctrine to encompass no-merit proceedings. In *State v. Tillman*, 2005 WI App 71, ¶¶ 19–20, 281 Wis. 2d 157, 696 N.W.2d 574, we held that a prior no-merit appeal may serve as the predicate for a procedural bar to a subsequent WIS. STAT. § 974.06 proceeding, so long as "the no merit procedures were in fact followed" and the court has "a sufficient degree of confidence" in the prior proceeding to warrant application of the bar under the circumstances of the case. We concluded that Tillman was barred from raising an issue which was a mere variation of one we had already rejected as non-meritorious in the prior no-merit proceeding, since he could have raised it in a response to counsel's no-merit report. *Id.*, ¶¶ 24–26 & n.6.

¶ 14. All of this brings us to *Fortier*, which the State maintains bars the use of a *Knight* petition here. In *Fortier*, we held that a defendant was not barred from raising an arguably meritorious sentencing issue in a WIS. STAT. § 974.06 motion, even though he had

failed to raise it in a response to a no-merit report previously filed by counsel. We reasoned:

> Had Fortier's appellate counsel performed the requisite "conscientious examination" of the case, he would have identified an illegally-raised sentence as a potential appellate issue and would not have filed a no-merit report . . . . Likewise, because this court failed to identify the existence of an issue of arguable merit, "a full examination" was not conducted . . . . Because we cannot fault Fortier for his reliance on his appellate counsel's assertion in the no-merit report that there were no issues of arguable merit, we are satisfied that Fortier has shown a "sufficient reason" for failing to raise the issue in a response to the no-merit report.

*Fortier*, 289 Wis. 2d 179, ¶ 27 (citations omitted). We concluded that the *Escalona* bar should not be applied because the no-merit procedures had not in fact been properly followed on Fortier's prior no-merit appeal. *Id.*

¶ 15.   We understand the State to be interpreting *Fortier* as implicitly concluding that apparent ineffective assistance of counsel during a no-merit appeal is a sufficient reason for a defendant failing to raise an issue, such that a subsequent Wis. Stat. § 974.06 challenge is not procedurally barred under *Escalona-Naranjo*. In conjunction with the general rule that habeas corpus is only available where no alternate remedy exists, the State then reasons that if a claim of ineffective assistance of counsel on a no-merit appeal may be raised in the "sufficient reason" context of a § 974.06 motion, then a § 974.06 motion must be the exclusive avenue for raising a claim that counsel provided ineffective assistance during a no-merit appeal. We disagree.

¶ 16.   The first problem with the State's theory is that we did not conclude that counsel in *Fortier* had

120

provided ineffective assistance. Instead, we said that the failure of either counsel *or this court* to identify an *arguably meritorious* sentencing issue showed that the no-merit procedures had not been properly followed. *Fortier*, 289 Wis. 2d 179, ¶ 27. Thus, we relied on a joint breakdown in the process, not solely on the attorney's failure. Admittedly, the substance of our discussion in *Fortier* appears to parallel the test for ineffective assistance—at least implicitly suggesting that it was deficient performance for counsel to have failed to identify the issue, and that the failure was prejudicial because the missed issue did in fact have arguable merit. Still, arguable merit is not synonymous with actual merit. "Arguable merit" means an issue is not "wholly frivolous." Therefore, it is possible that counsel could miss an issue of arguable merit without prejudicing the defendant, if the issue would ultimately have failed.[3] In other words, *Fortier* is best understood as concluding that counsel's failure to raise an *arguably meritorious* issue in a no-merit report is a "sufficient reason" under *Escalona-Naranjo* for the defendant's failure to raise the issue in a response, thus preventing the no-merit procedure from serving as a procedural bar in a subsequent WIS. STAT. § 974.06 motion, regardless of whether counsel's failure met both the deficient performance and prejudice standards of an ineffective assistance claim.

¶ 17. More importantly, even if *Fortier* could be read to allow an actual claim of ineffective assistance of no-merit counsel to be raised and litigated in a WIS. STAT. § 974.06 motion within the context of providing a

---

[3] Indeed, we acknowledged in *State v. Fortier*, 2006 WI App 11, ¶ 28 n.5, 289 Wis. 2d 179, 709 N.W.2d 893, that the sentencing issue needed to be remanded for reconsideration on its merits.

121

sufficient reason to avoid the procedural bar under *Escalona-Naranjo*, the State has not persuaded us that § 974.06 is the only context in which a no-merit counsel's assistance may be challenged.

¶ 18. For one thing, the State fails to discuss the import of the *Rothering* distinction between claims of ineffective assistance of postconviction and appellate counsel. In some instances, no-merit appeals are filed after a postconviction hearing has already been held, and in other instances they are filed in lieu of a postconviction motion. Consequently, sometimes an issue whose arguable merit is being discussed has been preserved for appeal, but other times additional postconviction proceedings are required before the issue can be decided. Therefore, it can be argued, under the logic of *Rothering*, that counsel's failure to bring an issue of arguable merit to this court's attention in a no-merit report could in some instances be attributed as a postconviction failure (where counsel first failed to raise the issue in a postconviction motion) and in some instances, an appellate failure (where the issue was already preserved). Under that theory, some allegations of ineffective assistance of no-merit counsel would be properly raised in the circuit court while others would be ripe for review via a *Knight* petition. An alternative analysis would be that counsel's failure to raise an issue of arguable merit in a no-merit report is always a failure before this court, and thus beyond the circuit court's power to evaluate as an ineffective assistance of counsel claim under *Knight*.

¶ 19. A second point the State fails to discuss is the differing availability of relief in certain instances on a *Knight* petition as opposed to a Wis. Stat. § 974.06 motion. When a defendant prevails on a *Knight* petition because appellate counsel rendered ineffective assis-

tance, he may have his postconviction rights reinstated. *Knight*, 168 Wis. 2d at 518. Such a defendant is then able to raise all issues he might have raised in a postconviction motion or direct appeal—without being limited to constitutional or jurisdictional issues as he would be under § 974.06. However, a defendant seeking habeas corpus relief may be time barred under the doctrine of laches. *See State ex rel. Smalley v. Morgan*, 211 Wis. 2d 795, 800, 565 N.W.2d 805 (Ct. App. 1997). In contrast, a defendant seeking relief under § 974.06 evades the laches bar but is, at least initially, limited to constitutional and jurisdictional issues.[4]

¶ 20. Because the availability of relief for old, nonconstitutional, or nonjurisdictional claims may vary depending on whether a *Knight* petition or a WIS. STAT. § 974.06 motion is filed, and because circuit courts are barred under *Knight* from considering—at least directly—ineffective assistance claims that focus on *appellate* counsel's performance, we must reject the State's contention that *Fortier* now requires all claims of ineffective assistance of no-merit counsel to be raised in § 974.06 motions. At a minimum, *Knight* petitions are still available to raise ineffective assistance claims alleging that counsel failed to raise a preserved issue in a no-merit appeal. In addition, *Knight, Rothering*, and *Fortier* leave open the question of whether counsel's failure to raise a non-preserved issue in a no-merit report: (a) must be raised in the circuit court because postconviction counsel's failure preceded no-merit counsel's omission; (b) must be raised in this court as a failure of no-merit counsel to discuss even a waived

---

[4] We say "initially" because we recognize that some successful constitutional challenges may also eventually lead to the reinstatement of postconviction or appellate rights.

issue as one potentially having arguable merit; or (c) may be raised in either the circuit court or this court, depending upon the remedy sought.

¶ 21. Because future litigants, and perhaps the supreme court, might benefit from our experience, we offer the following observations. While *Knight*, *Rothering*, and *Fortier* each appear internally consistent, collectively they create inconsistencies.

¶ 22. First, *Knight* rests on the proposition that an appellate court is in the best position to evaluate appellate counsel's performance. The practical problem with the decision, however, is that an appellate court is frequently *not* in the best position to make that assessment because factual findings are required. Indeed, *Machner* requires an evidentiary hearing before granting relief on *any* claim of ineffective assistance of counsel. Therefore, while this court may deny a *Knight* petition whose allegations are insufficient on their face to warrant relief, we can never grant relief without first remanding the matter to the circuit court unless the State concedes error. Thus, nearly all potentially meritorious *Knight* petitions are subjected to a cumbersome trifurcated process in which they are first submitted to this court, then referred to the circuit court for an evidentiary hearing, and then returned to this court for a decision based upon the factual findings of the circuit court. The result is a significant delay in the very cases in which relief is most likely warranted.

¶ 23. Next, *Rothering* rests on the logical corollary to *Knight*, that circuit courts are in the best position to evaluate the performance of trial counsel and postconviction counsel. The problem with *Rothering* is that it seemingly requires different forums based on whether the underlying claim of error was properly preserved or not. While this distinction may by under-

124

stood by many attorneys, the vast majority of habeas corpus actions and WIS. STAT. § 974.06 motions are brought by pro se inmates, who have no automatic right to counsel once their direct appeal rights have expired or been exhausted. The result is numerous misdirected ineffective assistance claims both to this court and the circuit court. Again, this results in significant delays which might be avoided if there were a single, more easily understood procedure in place.

¶ 24. In addition, *Rothering* suggested that a claim of ineffective assistance of postconviction counsel could be asserted as a sufficient reason to evade the procedural bar of *Escalona-Naranjo* when bringing a subsequent WIS. STAT. § 974.06 motion. However, under *Knight*, the circuit court has no authority to consider a claim of ineffective assistance of appellate counsel. Therefore, under the current state of the law, a defendant whose attorney failed to preserve an issue before filing an appeal can raise the issue in a subsequent § 974.06 motion, citing counsel's failure as a sufficient reason to avoid *Escalona-Naranjo*; but a defendant whose attorney failed to raise a preserved issue on appeal cannot cite that failure as a sufficient reason to avoid the procedural bar. Even more incongruously, if the issue was preserved but no-merit counsel failed to raise the issue, the defendant could assert the failure as a sufficient reason to avoid the procedural bar, under the theory that the no-merit procedures were not properly followed, rather than as a direct claim of ineffective assistance of counsel.

¶ 25. In sum, the cases collectively create much confusion and delay. Common sense suggests that all claims of ineffective assistance of counsel, including appellate counsel, be initially addressed in the circuit

court. This cannot be done, however, without overruling or modifying either *Knight* or *Rothering*, which this court cannot do.

■

¶ 26. We turn then, at last, to consider whether the particular relief sought in this case is available by a *Knight* petition under the current state of the law. Because trial counsel did not object to the prosecutor's sentence recommendation, Panama waived the right to direct review of any alleged breach of the plea agreement. *See State v. Howard*, 2001 WI App 137, ¶ 12, 246 Wis. 2d 475, 630 N.W.2d 244. The issue still could have been raised in the context of ineffective assistance of trial counsel, but it was not preserved by a postconviction motion prior to counsel's filing of a no-merit appeal. *See id.*; *Machner*, 92 Wis. 2d at 804. No-merit counsel then failed to discuss the sentence recommendation issue in the no-merit report, either in its original form as a breach of the plea agreement or in the context of ineffective assistance of trial counsel. Panama now seeks alternative remedies: reinstatement of all his postconviction rights under WIS. STAT. RULE 809.30, a remand for resentencing, or a remand for a *Machner* hearing.

¶ 27. As in so many cases that preceded this one, there are competing analyses which could be employed here. The fact that the plea breach issue was not preserved by a contemporaneous objection by trial counsel and that the arguably ineffective assistance of trial counsel was not preserved by postconviction counsel seems to place the case within the ambit of *Rothering*. In other words, because the claim is at its core an allegation that trial counsel failed to object to a plea agreement breach, the circuit court would seem in the best position to evaluate the issue. But unlike the direct

126

appeal situation in *Rothering*, a no-merit proceeding also afforded appellate counsel the opportunity to explain why certain issues would lack arguable merit because they have been waived. Such discussion, in turn, would have provided this court with an opportunity to consider whether the waiver might be one which should be excused in the interests of justice, or whether there exists a viable claim of ineffective assistance of trial counsel. Therefore, in the no-merit context, there could be an argument that counsel provided ineffective assistance in *both* postconviction and appellate contexts by failing to preserve an issue, and then failing to bring the waived issue to this court's attention. As to the failure in the no-merit context, this court is in the best position to evaluate the ineffective assistance challenge. We conclude that the deciding factor here is that the defendant is seeking, *inter alia,* to overturn this court's no-merit decision and reinstate all of his postconviction rights. Under *Knight*, a writ of habeas corpus to this court is still the proper mechanism for seeking that relief.

¶ 28.    Under *Machner*, however, we cannot resolve the present *Knight* petition until there has been a postconviction hearing at which factual findings are made regarding:   (1) whether the plea agreement in fact required the State to refrain from recommending any particular length of prison time; and (2) whether trial counsel had any strategic reason for failing to object to the prosecutor's recommendation of ten years in prison.

¶ 29.    Accordingly, we remand this matter to the trial court for a postconviction hearing to be held within sixty days. Successor counsel should be appointed to represent Panama, given current counsel's conflict of interest. The trial court shall make the necessary

factual findings as discussed above and settle any credibility disputes which may arise at the hearing. Because this is an original action in this court, the trial court should not rule on the ultimate legal question whether no-merit counsel provided ineffective assistance. The court reporter shall prepare a transcript of the hearing within thirty days after the hearing. Within fifteen days after the transcript has been filed, the clerk of the circuit court shall transmit to this court a record including the underlying proceedings as well as the relevant postconviction materials. The trial court should notify this court (or direct counsel to do so) if additional time is needed for any of these actions. This court will then use the trial court's factual findings to rule on the ineffective assistance of counsel claim.

*By the Court.*—Cause remanded with directions.