In the

# United States Court of Appeals
## For the Seventh Circuit

No. 17-2903

TONY P. ROGERS,

*Petitioner-Appellant*,

*v.*

JASON WELLS, Warden,

*Respondent-Appellee*.

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 1:17-CV-00446 — **William C. Griesbach**, *Judge*.

ARGUED DECEMBER 5, 2023 — DECIDED MARCH 22, 2024

Before HAMILTON, BRENNAN, and ST. EVE, *Circuit Judges*.

BRENNAN, *Circuit Judge*. The State of Wisconsin prosecuted Tony Rogers for repeatedly sexually assaulting his daughter, DAR, relying primarily on evidence and testimony from her. A jury found Rogers guilty, and he appealed his convictions. He argued that his trial counsel was ineffective for failing to move for in camera review of DAR's medical records. The Wisconsin Court of Appeals rejected Rogers's claim, and the Supreme Court of Wisconsin denied review.

On federal habeas review, Rogers asked the district court to find the state court decision contrary to, or an unreasonable application of, clearly established federal law. The district court declined. Given the record here and the applicable standard of review, we affirm the district court.

# I

Rogers is a state prisoner serving a lengthy sentence for repeatedly sexually assaulting his biological daughter, DAR, between 2005 and 2010. DAR lived mostly with her mother but sometimes had overnight visits with Rogers. When DAR visited Rogers, she stayed at a home he shared with his mother and grandfather. DAR stopped visiting Rogers in 2010.

In 2012, DAR gave her mother a letter accusing Rogers of molesting her during her prior visits and expressing how that trauma was affecting her. In the letter, she says she:

- "need[s] mental health";

- is "on the verge of committing suicide";

- "hate[s] having too much responsibility";

- feels "like a single parent, trying to juggle school, little people, and other responsibilities";

- "decided to tell [her mom] now, [because she] ha[s] gone to school crying about all the stress almost every day of the school year";

- is "always hearing voices and thinking negative thoughts and feel no one loves me";

- thinks "about running away, committing suicide, and first-degree murder … ."

Response to Petition for Writ of Habeas Corpus, Ex. 14 at 34–35, ECF 10-14.

DAR's mother reported the accusations of sexual abuse to the police. Later, Rogers was charged in Wisconsin state court with four counts of first-degree sexual assault of a child and one count of incest. Rogers pleaded not guilty and went to trial.

The State moved in limine to prevent defense counsel from offering evidence that DAR was diagnosed with and received inpatient treatment for a mental illness. Rogers's attorney opposed the motion, contending his investigator learned that DAR was diagnosed with schizophrenia. The State responded that this contention was unsupported and that DAR's mother said DAR was diagnosed with depression. The prosecutor argued:

> without medical records and without defense counsel bringing forth some reason why they should be able to cross-examine the victim about her actual mental health history and diagnosis, [DAR's hospitalization, treatment, and diagnosis are not] relevant [and are] overly prejudicial.

Response to Petition for Writ of Habeas Corpus, Ex. 10 at 7, ECF 10-10.

The trial court granted the State's motion. Because neither party intended to call a psychologist or other expert witness qualified to testify on DAR's mental health and treatment, there was no foundation for such testimony. But the court ruled that evidence of DAR hearing voices and other information in the letter was admissible.

At the November 2013 trial, among the witnesses who testified were DAR, her mother, her friend, and a police officer. DAR read her letter into the record, and it was admitted into evidence. Rogers's attorney posed questions about DAR's mental health and proclivity to lie. He focused on the details in the letter, including how overwhelmed she was with housework and other responsibilities. He asked DAR about "hearing voices," her "negative thoughts," her acting out, her lying, and her suicidal thoughts.

Following trial, Rogers was convicted on all counts. The court sentenced him to 25 years in prison followed by 15 years of extended supervision.

After sentencing, Rogers sought postconviction relief in state trial court, arguing that his trial counsel was ineffective for failing to obtain DAR's medical records or for not at least asking the court to review them. Such a motion, at the time governed by *State v. Green*, 646 N.W.2d 298 (Wis. Ct. App. 1993), and *State v. Shiffra*, 499 N.W.2d 719 (Wis. Ct. App. 1993), seeks in camera review of medical records. To prevail on that motion, a defendant must set forth a "specific factual basis demonstrating a reasonable likelihood that the records [sought] contain relevant information necessary to a determination of guilt or innocence and is not merely cumulative to other evidence available to the defendant." *Green*, 646 N.W.2d at 310. The state trial court denied relief, ruling that Rogers failed, at trial and in post-conviction motions practice, to meet his burden for in camera review of DAR's medical records, and thus that his trial counsel was not ineffective.

Rogers appealed to the Wisconsin Court of Appeals, which rejected his claims and affirmed the judgment. That court ruled Rogers had not shown that his trial counsel

performed deficiently or that he suffered any prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984). Because Rogers could not make the preliminary showing of materiality under *Shiffra/Green* to obtain DAR's medical records, a motion for in camera review would have been meritless, and Rogers's counsel was not ineffective for failing to file it. The appellate court also noted that Rogers's counsel asked to refer to DAR's mental health during trial, and that after a hearing, the trial court permitted his counsel to question DAR about any matter in her letter. In addition, because Rogers's claims were without merit and they would not have affected the trial outcome, the Wisconsin Court of Appeals held that he was not prejudiced by the lack of a motion. The Supreme Court of Wisconsin denied Rogers's petition for review.

Rogers then petitioned for habeas relief under 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Rogers argued that his trial counsel was ineffective because he failed to obtain DAR's medical records or at least file a motion for in camera review. The district court denied Rogers's petition, concluding that Wisconsin's standard for *Shiffra/Green* motions did not contravene federal law (i.e., *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987)), and that the application by the Wisconsin Court of Appeals of both *Strickland* and *Ritchie* to Rogers's case was not unreasonable. But the district court granted Rogers a certificate of appealability, stating:

> Reasonable jurists could debate whether counsel could have met the initial burden under *Ritchie* to require the trial court to perform such a review, and thus I conclude Rogers has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

Decision and Order at 10–11, ECF 13. Rogers timely appealed.

## II

At issue before us is whether the denial of relief in state court "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d)(1). This standard is "difficult to meet." *Makiel v. Butler*, 782 F.3d 882, 896 (7th Cir. 2015) (internal quotation marks omitted). "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)). "AEDPA recognizes a foundational principle of our federal system: State courts are adequate forums for the vindication of federal rights." *Burt v. Titlow*, 571 U.S. 12, 15 (2013).

In habeas review, "[t]he pivotal question is whether the state court's application of [federal law] was unreasonable." *Harrington*, 562 U.S. at 101. Thus, "[f]or purposes of § 2254(d)(1), 'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" *Id.* (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

On a § 2254(d)(1) petition, we review the state court decision de novo to determine a legal question—whether the decision is contrary to clearly established federal law. *See Denny v. Gudmanson*, 252 F.3d 896, 900 (7th Cir. 2001); *see also Morris v. Bartow*, 832 F.3d 705, 709 (7th Cir. 2016) ("We review *de novo* the district court's treatment of legal issues, and we review

findings of fact for clear error."). We consider the "last reasoned opinion on the claim[;]" here, the postconviction decision of the Wisconsin Court of Appeals. *See, e.g.*, *Woolley v. Rednour*, 702 F.3d 411, 421 (7th Cir. 2012).

Rogers argues that the Wisconsin Court of Appeals erred by (1) unreasonably applying *Strickland*, and (2) unreasonably applying *Ritchie*. Both claims relate to the state court's holding that Rogers failed under *Shiffra/Green* to show that he was entitled to in camera review of DAR's medical records.

## A

For Rogers's ineffective assistance of counsel claim, "[t]he federal courts as a whole engage in 'doubly deferential' review" under AEDPA. *Wilborn v. Jones*, 964 F.3d 618, 620 (7th Cir. 2020) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)). Habeas review gives "both the state court and the defense attorney the benefit of the doubt." *Titlow*, 571 U.S. at 13. Even without this doubly deferential review, ineffective assistance claims remain difficult to prove, as "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. Accordingly, for ineffective assistance claims there is a steep hill to climb, and under § 2254(d), "[t]hat hill is even steeper." *Myers v. Neal*, 975 F.3d 611, 620 (7th Cir. 2020); *see Strickland*, 466 U.S. at 689–90.

A defendant must show that his counsel rendered deficient performance and that the deficiency prejudiced him. *Strickland*, 466 U.S. at 688, 694. In other words, a defendant must show that his counsel rendered objectively unreasonable performance and that, but for counsel's errors, the outcome would have been different. *Id.*

*1. Adequate and independent state law ground*

The state appellate court concluded that Rogers's counsel was not ineffective for failing to file a motion for in camera review of DAR's medical records under the Wisconsin *Shiffra*/*Green* standard. For this reason, Wisconsin argues he is not entitled to habeas relief. Because *Strickland* requires Rogers to show a reasonable probability that he would have obtained relief if his counsel had filed such a motion, the *Shiffra*/*Green* inquiry underlies the *Strickland* analysis.

A federal court may not review federal claims in habeas if they rest on a state-law argument that a state court has rejected. *See, e.g.*, *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law … binds a federal court sitting in habeas corpus."); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Miller v. Zatecky*, 820 F.3d 275, 277 (7th Cir. 2016) ("A federal court cannot disagree with a state court's resolution of an issue of state law."). Where the state court has ruled that trial counsel was not ineffective because a state law argument would have failed, that state law ruling is unassailable on habeas, even if it is couched as an ineffective assistance of counsel claim. *Kimbrough v. Neal*, 941 F.3d 879, 882 (7th Cir. 2019).

Wisconsin cites *United States v. Hach*, 162 F.3d 937 (7th Cir. 1998), for the proposition that this court has already held that *Shiffra*/*Green* questions are questions of state law and therefore barred from habeas review. Wisconsin is incorrect. Rogers correctly notes, "*Hach* merely rejected the notion that the

U.S. Constitution compels access to medical records that 'the state is not in possession of' because Wisconsin's cases saying so were based 'on state law' and 'not the federal constitution.'" Reply Brief at 3 (citing *Hach*, 162 F.3d at 947 n.5).

Because we cannot rely on *Hach* for the proposition that state court decisions on the *Shiffra/Green* standard are based on state law, we must look to other decisions. This case shares some similarities with *Whyte v. Winkelski*, 34 F.4th 617 (7th Cir. 2022), and *Dietrich v. Smith*, 701 F.3d 1192 (7th Cir. 2012), so we review those cases.

In *Whyte*, the defendant in his habeas petition brought several claims, including a *Strickland* claim for his attorney's failure to raise certain claims below. 34 F.4th at 622–26. The defendant had not previously raised any of these claims, which were thus barred under state and federal law. *Id.* Wisconsin state precedent says, "ineffective assistance of postconviction counsel may be a sufficient reason for failing to raise an available claim in an earlier motion or on direct appeal." *State v. Romero-Georgana*, 849 N.W.2d 668, 678 (Wis. 2014). But in *State v. Allen*, 682 N.W.2d 433 (Wis. 2004), the Supreme Court of Wisconsin emphasized that "a postconviction motion for relief requires more than conclusory allegations." 682 N.W.2d at 439.

The Wisconsin Court of Appeals held that Whyte's claim of ineffective assistance of postconviction counsel did not constitute a "sufficient reason" to excuse the procedural default under *State v. Escalona-Naranjo*, 517 N.W.2d 157 (Wis. 1994), because Whyte failed to comply with *Allen*'s pleading standard. *Whyte*, 34 F.4th at 625. On appeal before this court, we concluded that the state appellate court decision was based on an adequate and independent state law procedural

ground—the standard in *Allen*—and thus not reviewable on habeas. *See id.* at 627.

Rogers's case is like *Whyte* because the Wisconsin Court of Appeals decision at issue rested on a state law standard—there *Allen*, and here *Shiffra/Green*. Rogers's case is different than *Whyte*, however, because in *Whyte* the failure to follow a state procedural rule underpinned the state appellate court's decision. Here, the federal law of *Ritchie*, not a state law, underlies the *Shiffra/Green* standard.

Rogers's case is more like *Dietrich*, in which the defendant sought in camera review of medical records. 701 F.3d at 1193. There, the Wisconsin Court of Appeals relied on *State v. Robertson*, 661 N.W.2d 105 (Wis. Ct. App. 2003), to show that the defendant had not met the showing for in camera review. *Id.* at 1195. The court in *Robertson* held that a "defendant requesting confidential records during postconviction discovery should be required to meet the preliminary *Shiffra–Green* burden." *Robertson*, 661 N.W.2d at 111. Although the court in *Robertson* did not cite *Ritchie* directly, this court held in *Dietrich* that *Robertson* did apply *Ritchie*'s constitutional standards. *Dietrich*, 701 F.3d at 1195. And in *Dietrich* this court reviewed the Wisconsin Court of Appeals determination that the defendant had not met the Wisconsin in camera review standard because *Ritchie* was the basis for that standard. *Id.* at 1195–98.

Similarly, in *Dietrich,* this court reviewed a Wisconsin decision on whether a defendant had met the *Shiffra/Green* standard for in camera review. Granted, in *Dietrich* there was no *Strickland* claim and the double deference of *Strickland* in the habeas context was not present. Yet, the *Shiffra/Green* standard for in camera review of privileged records does

"apply [*Ritchie*'s] constitutional standards" and is thus subject to habeas review. *Dietrich*, 701 F.3d at 1195.

Moreover, as Rogers points out, this court has reviewed Wisconsin's application of *Shiffra/Green* several times. *See, e.g.*, *Moseley v. Kemper*, 860 F.3d 1020, 1025 (7th Cir. 2017); *Dietrich*, 701 F.3d at 1195–96; *Davis v. Litscher*, 290 F.3d 943, 946–48 (7th Cir. 2002). Because we can review a Wisconsin state court decision on *Shiffra/Green* questions, we address the merits of Rogers's claims.

### 2. Failure to investigate

Rogers argues that his counsel failed to investigate DAR's mental health history, a claim he raises for the first time in this appeal.

To preserve a claim for federal habeas review, a state prisoner must fairly present the operative facts and legal principles controlling the claim through a full round of state court review. *Mulero v. Thompson*, 668 F.3d 529, 536 (7th Cir. 2012); *Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010). This rule requires that the factual and legal substance of the claim remain essentially the same when the petitioner has exhausted his state court remedies and moved on to federal court. *Anderson v. Benik*, 471 F.3d 811, 814–15 (7th Cir. 2006). With ineffective-assistance claims, we have held that a petitioner procedurally defaults individual claimed deficiencies when he does not fairly present them to the state courts, even if he presented an ineffective assistance claim alleging other errors. *See Mulero*, 668 F.3d at 536.

Rogers did not raise his failure to investigate claim in any state court or in the district court. Now, in his reply brief, Rogers argues "that the [state] court[s'] analysis 'fails to address

the main issue' because the 'deficient performance' in his case 'lies not in the failure to obtain in camera review, but the failure to try.'" The "failure to try" that Rogers mentions, however, is a failure to try to file a *Shiffra*/*Green* motion, which was raised previously, not to try to further investigate the claim, which is the basis of his new, unexhausted failure to investigate claim. So, Rogers waived this claim.

### 3. *Core* Strickland *claim*

Rogers argues his counsel was ineffective for failing to make a *Shiffra*/*Green* motion. The *Shiffra*/*Green* standard, applicable throughout Rogers's state court litigation, required:

> a defendant to set forth, in good faith, a specific factual basis demonstrating a reasonable likelihood that the records contain relevant information necessary to a determination of guilt or innocence … . [T]he information will be "necessary to a determination of guilt or innocence" if it "tends to create a reasonable doubt that might not otherwise exist."

*Green*, 646 N.W.2d at 310 (internal citation omitted).[1] The court in *Green* based that standard on *Shiffra*, which in turn

---

[1] Last year in *State v. Johnson*, 990 N.W.2d 174, 198 (Wis. 2023), the parties in that case asked the Wisconsin Supreme Court to overrule the *Shiffra*/*Green* standard, which it did for three reasons:

> First, *Shiffra* [wa]s unsound in principle because it incorrectly concluded that *Ritchie* applied to privileged (not just confidential) records not in the State's possession and because it undermine[d] the therapist-patient relationship. Second, the standard for obtaining in camera review articulated in *Shiffra* and *Green* [wa]s unworkable in practice. And third, *Shiffra* ha[d] been undermined by the adoption of new statutory and constitutional provisions

based that standard on *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987). *Green*, 646 N.W.2d at 310.

In *Ritchie*, the Supreme Court held that for a defendant to obtain in camera review of confidential records, "'[h]e must at least make some plausible showing of how [the records] would have been both material and favorable to his defense.'" *Id.* at 58 n.15 (quoting *United States v. Valenzuela–Bernal*, 458 U.S. 858, 867 (1982)). That standard addresses the due process requirement that the government "turn over evidence in its possession that is both favorable to the accused and material to guilt or punishment." *Ritchie*, 480 U.S. at 57; *see California v. Trombetta*, 467 U.S. 479, 485 (1984); *Brady v. Maryland*, 373 U.S. 83, 87 (1963).[2]

---

protecting the rights of victims, and is now detrimental to coherence in the law.

*Id.* at 182.

None of these reasons deviate from the standard for a defendant to access confidential records set in *Ritchie*. Nor did *Shiffra* fail to comply with federal constitutional protections. The only topic the Supreme Court of Wisconsin said strayed from *Ritchie* was that *Shiffra* "incorrectly concluded that *Ritchie* applied to privately held and statutorily privileged health records." *Id.*

In *Johnson*, the Supreme Court of Wisconsin did not pronounce a new standard. Rather, it seemed to revert to the standard in *Ritchie*, which requires that a defendant make a plausible showing that the privileged record at issue contained material evidence. *See Ritchie*, 480 U.S. at 58.

[2] For the first time on appeal, Wisconsin argues DAR's medical records were not in the state's possession. The role of "a federal habeas court" is to "simply review[] the specific reasons given by the state court and defer[] to those reasons if they are reasonable." *Wilson v. Seller*, 138 S. Ct. 1188, 1192 (2018). The state courts and the district court did not discuss whether DAR's medical records were held by the state, and there were no

Rogers's counsel was not ineffective for failing to make a *Shiffra/Green* motion. That motion would have been meritless because Rogers could not make the preliminary showing of the records' materiality required under *Shiffra/Green*. The Wisconsin Court of Appeals concluded that Rogers fell far short of the *Shiffra/Green* threshold requirements:

> At the outset, he fails to set forth "a specific factual basis" that demonstrates that the Victim's mental health records will contain "relevant information necessary to a determination of guilt or innocence." … Instead, he just speculates. He jumps from the fact that the victim was hospitalized to his speculation that she must have mental health records and that they will show that she suffered "from a mental illness" and that it would be the type of mental illness that would somehow make it "more likely that she had fabricated or misremembered the events" at issue, which would have had a great impact on the jury. However, he offers no "fact-specific evidentiary showing" of relevance…. He fails to point to anything in the victim's medical records that would indicate a propensity to lie. He simply links a series of guesses.

Response to Petition for Writ of Habeas Corpus Ex. 6 at 9–10, ECF 10-6 (internal citations omitted). This application of *Strickland* was not unreasonable because it does not lie "well

---

findings of fact on that matter. In his requests for DAR's medical records, Rogers asks for documents from the hospital, not the state. There is no information whether the hospital was run by the state, whether the state had copies of the records, or if there was any other fact finding at a previous stage in this case. Wisconsin failed to address this waiver in its briefs or at oral argument. So, Wisconsin waived this argument.

outside the boundaries of permissible differences of opinion." *Badelle v. Correll*, 452 F.3d 648, 655 (7th Cir. 2006) (internal citation omitted). The objection would have failed for the reasons explained below, and the decision of the state court as well as the decisions of Rogers's counsel are subject to double deference as a *Strickland* claim on habeas review. This court has recognized that "[o]bviously, an attorney is not constitutionally deficient for failing to lodge a meritless objection." *Northern v. Boatwright*, 594 F.3d 555, 561 (7th Cir. 2010). Applying the same logic, the Wisconsin Court of Appeals concluded that the failure to file a meritless motion could not constitute deficient performance.

Further, "Rogers was permitted to cross examine [DAR] on hearing voices and any of the matters she reveals in the letter to her mother." Response to Petition for Writ of Habeas Corpus, Ex. 6 at 8, ECF 10-6. Thus, DAR's mental state was before the jury.

**B**

As for Rogers's *Ritchie* claim, recall, that case requires a defendant to make a plausible showing that the confidential record at issue contained material evidence. *See* 480 U.S. at 58; *see also Dietrich*, 701 F.3d at 1196. Rogers argues he made a plausible showing before the state court for in camera review of DAR's medical records. He pointed to evidence in state court that DAR suffers from schizophrenia. Rogers listed facts that he said indicated DAR suffered from a mental illness, including:

- DAR's admission that she was "hearing voices";

- DAR's "disturbing letter that is not reflective of someone in sound mind";

- DAR's accusations against her father "alongside complaints about 'trying to juggle … little people";

- DAR's admission that she was "thinking about … first-degree murder";

- DAR's hospitalization at a psychiatric facility called Rogers Memorial Hospital; and

- Rogers's counsel's representation to the court that DAR told his investigators "that she was suffering from schizophrenia."

But these "facts" are speculation and devoid of context. Many of these are from DAR's letter to her mother explaining her sexual abuse and how it was affecting her. Reading the whole letter—not just disconnected lines with words omitted—shows that DAR was dealing with emotional trauma.

At a pretrial conference, Rogers's trial counsel referred to a conversation among his investigator, DAR, and her mother that DAR had been diagnosed with schizophrenia. But at no time was any evidence offered that DAR had been so diagnosed. In contrast, the prosecutor reported at the same pretrial conference that she understood from DAR's mother that, not surprisingly, DAR suffered from depression caused by Rogers's sexual abuse. And at sentencing, Rogers's trial counsel walked back his contention that DAR had schizophrenia, stating that DAR and her mother told his investigator that DAR suffered from post-traumatic stress.

A rebutted and withdrawn allegation is not a plausible showing. As this court has noted:

> The Supreme Court did not intend to require the trial court to undertake a blind fishing expedition through a victim's mental health records for the sole purpose of possibly uncovering additional evidence that may aid in cross-examination, which the defendant has independently and speculatively determined would probably be most effective.

*Dietrich*, 701 F.3d at 1197. Instead of a plausible showing, all Rogers offered, as the state appellate court observed, was speculation.[3]

### III

Under the highly deferential standard we apply in this habeas case, the Wisconsin Court of Appeals decision was not an unreasonable application of federal law. So, we AFFIRM the district court.

---

[3] Rogers offers a cursory argument that the state court ruling was "contrary to" *Ritchie*. But we reject that argument for the reasons this court has explained before: the *Shiffra/Green* and *Ritchie* "standards do not diverge in any meaningful way and are not 'contrary to' one another in the way that the Supreme Court has defined the phrase." *See, e.g., Moseley*, 860 F.3d at 1024.