STATE of Wisconsin, Plaintiff-Respondent,

v.

Ricky J. FORTIER, Defendant-Appellant.

Court of Appeals

*No. 2004AP3189–CR. Submitted on briefs November 1, 2005.
—Decided December 28, 2005.*

2006 WI App 11

(Also reported in 709 N.W.2d 893.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Robert N. Meyeroff* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Peggy A. Lautenschlager*, attorney general, and *Sally L. Wellman*, assistant attorney general.

Before Wedemeyer, P.J., Fine and Curley, JJ.

¶ 1. CURLEY, J. Ricky J. Fortier appeals from an order denying his motion to modify his sentence under Wis. Stat. § 974.06 (2003–04).[1] He contends that he should not be procedurally barred from raising the issue of whether his sentence was illegally raised upon resentencing, even though he did not raise it in a response to a no-merit report at the time of appeal, because: (1) his raised sentence is analogous both to an illegal repeat-offender sentence, which can be raised in successive postconviction motions, and to an erroneous imposition of a probationary term, consecutive to a previous sentence of probation, which can be declared a nullity; and (2) where there is no new factor and the issue was not identified by either the appellate attorney or the appellate court after the no-merit report was filed, to hold that he should have identified the issue in his response to the no-merit report is unfair and unreasonable and constitutes a sufficient reason under § 974.06(4), why the issue was not previously raised. In his reply, Fortier also claims that a procedural bar

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

would constitute a miscarriage of justice because his due process rights were violated by the increased sentence. Consequently, Fortier argues that his sentence was, in fact, illegally increased when a $1,000.00 fine, one-thousand hours of community service, and concurrent five-year revocations of his driver's license were added as conditions for probation, and should be reduced to the terms of the original sentence because the resentencing court articulated no new factors for increasing the original sentence.

¶ 2.   We conclude that, despite his failure to raise the issue in a response to appellate counsel's no-merit report, Fortier is not procedurally barred from raising the issue of a sentence illegally raised upon resentencing, because he had a sufficient reason under WIS. STAT. § 974.06(4) for failing to raise it. Consequently, the trial court's decision and order is reversed and the cause remanded for a hearing on the merits to determine whether Fortier's sentence was in fact illegally raised, and thus whether his sentence should be modified.

## I. BACKGROUND.

¶ 3.   On November 6, 1998, the Milwaukee Police Department conducted a search pursuant to a search warrant of Fortier's residence at 3888 East High Street in the City of Oak Creek. The search warrant was issued based on an affidavit from a confidential informant. According to the affidavit, the informant had personally observed "an undetermined quantity of marijuana in separate bags and scales" in the residence within the past seventy-two hours, and the informant knew the substance was marijuana because the informant had, among other things, previously made two "controlled buys" of marijuana for law enforcement at a different location. According to the affidavit, the con-

trolled buys were also a reason why the investigator found the informant to be credible.

¶ 4. Upon entry into Fortier's residence, officers observed Fortier trying to flee, but he was detained at a door and searched by a detective. In Fortier's shirt pocket, the detective found two bags of marijuana, weighing approximately six grams each, and one bag of cocaine, weighing approximately twenty-six grams. The search of Fortier's residence uncovered additional drugs, as well as drug paraphernalia, scales, material used to cook cocaine, and packaging material used to package controlled substances. Laboratory tests later revealed that the total quantities recovered were 22.652 grams of marijuana and 35.657 grams of cocaine.

¶ 5. Fortier was charged with possession with intent to deliver a controlled substance, cocaine, contrary to WIS. STAT. §§ 961.16(2)(b)(1) and 961.41(1m)(cm)(3) (1997–98). The State subsequently filed an amended information, which added two new charges: failure to pay controlled substance tax, contrary to WIS. STAT. §§ 139.87(2), 139.88(2), 139.89, 139.95(2), and 961.16(2)(b)(1) (1997–98); and possession of controlled substance, tetrahydrocannabinols (marijuana), contrary to WIS. STAT. §§ 961.14(4)(t), 961.01(14), and 961.41(3g)(e) (1997–98). Fortier pled not guilty to all charges.

¶ 6. The case proceeded to a jury trial. Fortier testified in his own defense and admitted that the drugs belonged to him, but denied intending to sell them and claimed that they were for personal use only. Investigators with drug enforcement experience testified that the quantity of cocaine found was so large that it was highly unlikely that it was intended for personal use, particularly when combined with the fact that the detectives recovered packaging material commonly

used by drugs dealers. On January 14, 1999, the jury returned a verdict of guilty on all three counts. A sentencing hearing was held on February 24, 1999. Justifying the sentence recommended by the State, the assistant district attorney made the following statement: "The case was initiated based on a search warrant. The search warrant was based on controlled buys which were made out of his residence . . . ."

¶ 7. Before sentencing Fortier, consistent with the assistant district attorney's earlier statement, the court noted:

> The reference to the controlled buys are set forth in the search warrant that was filed in which there was an issue that we discussed about disclosing the informant, but in that search warrant, the basis was that there were *controlled buys by that informant out of the home,* and the sheer amount of cocaine clearly reflects a sale.

¶ 8. The court sentenced Fortier to: (1) six years' imprisonment for possession with intent to deliver cocaine; (2) five years' imprisonment, to be served consecutive to the other sentences, but stayed and replaced by five years' probation, to be served consecutive to the other sentences, for failure to pay controlled substance tax; and (3) six months' imprisonment to be served concurrently with the sentence for the first count, for possession of marijuana. The court also imposed two six-month suspensions of Fortier's driver's license on counts one and three respectively, to run concurrently, as well as an additional six-month suspension on count two, to run consecutive to the suspensions on counts one and three. Judgment of conviction was entered accordingly.

¶ 9. On March 5, 1999, Fortier filed a notice of his intent to pursue post-dispositional relief. He was ap-

pointed new postconviction counsel, who on August 4, 1999, filed a postconviction motion requesting resentencing. In his motion, Fortier explained that the mention of two "controlled buys" in the affidavit for the search warrant was in reference to two previous instances in which the informant had worked with law enforcement and was intended to justify why the investigator believed the informant was credible, and that the affidavit did not state that the informant had made controlled buys from Fortier or from Fortier's residence. Because the court accepted the assistant district attorney's erroneous statement that the search warrant was based on controlled buys out of Fortier's home, Fortier contended that he was sentenced based on inaccurate information. The trial court granted Fortier's motion for resentencing and vacated the previously imposed sentences.

¶ 10. On November 17, 1999, a resentencing hearing was held in front of a judge different from the one who originally sentenced Fortier. The new sentences were the same as the original, with the exception of the fact that the court added two new conditions for probation, on the failure to pay controlled substance tax count: a $1,000.00 fine and one-thousand hours of community service (comparable to approximately six months of forty-hour weeks), to be served within four years. The court also changed the suspensions of Fortier's driver's license from the previously imposed two concurrent six-month suspensions on counts one and three, and the consecutive six-month suspension on count two. The new sentence instead demanded concurrent five-year revocations on all three counts.

¶ 11. On December 6, 1999, Fortier filed a notice of intent to pursue postconviction relief. He was appointed new postconviction counsel, who filed a notice

of appeal. Fortier's new attorney then proceeded to file a no-merit report with this court.[2] Fortier was informed of his right to file a response to the no-merit report, but did not do so. The only issue addressed by the no-merit report was whether the circuit court erroneously exercised its discretion when it resentenced Fortier. This court concluded that, "[w]hile the circuit court could have reduced Fortier's sentence, it was not required to do so simply because the original sentencing court imposed its sentence, in part, on erroneous information." Accordingly, this court concluded that the record revealed no issues of potentially arguable merit and summarily affirmed the judgment of conviction.

¶ 12. On February 27, 2003, Fortier filed a motion with the trial court asking it to clarify the judgment as to the driver's license revocation to state that the two five-year periods would run concurrently, and to have the revocation commence on the date of conviction, rather than following release. The motion was denied.

¶ 13. On October 1, 2004, Fortier filed with the trial court a motion to reduce his sentence to the sentence given at the original sentencing "because the resentencing court gave no reason for increasing the sentence as to count two." On October 11, 2004, the trial court issued a decision and order denying Fortier's motion. The trial court based its decision on *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 181, 517 N.W.2d 157 (1994), and concluded that Fortier was procedurally barred from pursuing the claim:

> Section 974.06(4), Stats., requires a defendant to raise all grounds for postconviction relief in this original

---

[2] The no-merit report is not part of the record in this case, but as a previous filing in this proceeding, this court takes judicial notice of the contents of the no-merit report.

motion or appeal. Failure to do so precludes a defendant from raising additional issues, including claims of constitutional or jurisdictional violations, in a subsequent motion or appeal where those issues could have been raised previously. *Escalona, supra.* The defendant could have raised this claim in a response to the no-merit report. His failure to file *any* response is deemed as a waiver of his current challenge to the terms and conditions of his sentence.

¶ 14.   Fortier now appeals the order denying his motion to reduce sentence.

## II. ANALYSIS.

¶ 15.   Fortier contends that he should not be precluded from raising the issue of a sentence illegally raised upon resentencing, even though he failed to raise it in a response to the no-merit report at the time of the original appeal. We begin by addressing Fortier's argument that he should be permitted to raise the sentencing issue, because not to do so is unfair and unreasonable and constitutes a sufficient reason under WIS. STAT. § 974.06(4),[3] why the issue was not previously raised, even though the issue was not identified by either the appellate attorney or the appellate court after a no-merit report was filed, and that he should not have been

---

[3] WISCONSIN STAT. 974.06(4) provides:

All grounds for relief available to a person under this section must be raised in his or her original, supplemental or amended motion. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the person has taken to secure relief may not be the basis for a subsequent motion, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended motion.

required to identify the issue in his response to the no-merit report. We conclude that Fortier is not procedurally barred from raising the sentencing issue.

¶ 16.  It is well-settled that a defendant must raise all grounds for relief in his or her original, supplemental or amended motion for postconviction relief. WIS. STAT. § 974.06; *Escalona*, 185 Wis. 2d at 181. If a defendant's grounds for relief have been finally adjudicated, waived or not raised in a prior postconviction motion, they may not become the basis for a new postconviction motion, unless there is a "sufficient reason" for the failure to allege or adequately raise the issue in the original motion. Sec. 974.06; *Escalona*, 185 Wis. 2d at 181–82; *see State v. Lo*, 2003 WI 107, ¶ 44, 264 Wis. 2d 1, 665 N.W.2d 756 (reaffirming *Escalona*, 185 Wis. 2d at 181–82).

¶ 17.  It is undisputed that Fortier could have raised the issue he now wishes to raise – whether his sentence was illegally raised when he was resentenced – in a response to his postconviction counsel's no-merit report, and it is equally undisputed that Fortier failed to do so since he did not file a response to the no-merit report. The issue thus becomes whether Fortier had a "sufficient reason" for failing to raise the issue. WIS. STAT. § 974.06; *Escalona*, 185 Wis. 2d at 181.

¶ 18.  Because the facts and procedural history underlying this appeal are not in dispute, whether Fortier's appeal is procedurally barred by our prior no-merit decision pursuant to *Escalona* and WIS. STAT. § 974.06(4) is a question of law that we review de novo. *See State v. Bodoh*, 226 Wis. 2d 718, 724, 595 N.W.2d 330 (1999).

¶ 19.  In *State v. Tillman*, 2005 WI App 71, ¶ 19, 281 Wis. 2d 157, 696 N.W.2d 574, this court recently considered the applicability of the procedural bar of

*Escalona* to no-merit appeals, and concluded that the procedural bar of *Escalona* can indeed be premised upon a no-merit appeal. In *Tillman*, we also cautioned that *Escalona*'s procedural bar is not absolute,[4] and held:

> [I]n considering whether to apply the procedural bar of *Escalona,* in a given case, the court (both trial and appellate) must pay close attention to *whether the no merit procedures were in fact followed.* In addition, the court must consider whether that procedure, even if followed, *carries a sufficient degree of confidence warranting the application of the procedural bar* under the particular facts and circumstances of the case.

*Tillman,* 281 Wis. 2d 157, ¶ 20 (emphasis added; footnote omitted).

¶ 20. The no-merit appeal procedure has its origins in *Anders v. California,* 386 U.S. 738 (1967). In *Anders*, the United States Supreme Court addressed "the extent of the duty of a court-appointed appellate counsel to prosecute a first appeal from a criminal conviction, after that attorney has conscientiously determined that there is no merit to the indigent's appeal." *Id.* at 739. The Court held that:

> [I]f counsel finds his case to be wholly frivolous, *after a conscientious examination of it,* he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably

---

[4] *See, e.g., State v. Crockett,* 2001 WI App 235, ¶¶ 7–8, 248 Wis. 2d 120, 635 N.W.2d 673 (an issue waived under *Escalona* may still be addressed by the court in its discretion); *State v. Erickson,* 227 Wis. 2d 758, 766, 596 N.W.2d 749 (1999) (waiver is a rule of judicial administration, not jurisdiction, and courts have discretion to make exceptions).

> support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel— then proceeds, *after a full examination of all the proceedings,* to decide whether the case is wholly frivolous.

*Id.* at 744 (emphasis added).

¶ 21. In Wisconsin, the no-merit procedure set forth in *Anders* is codified and explained in Wis. STAT. RULE 809.32. First, appointed counsel must examine the record and prepare a report that "shall identify anything in the record that might arguably support the appeal and discuss the reasons why each identified issue lacks merit." RULE 809.32(1)(a). Counsel must provide the defendant with a copy of the report and advise the defendant of his right to respond. RULE 809.32(1)(b)2. Next, the defendant has the opportunity to respond to the no-merit report and raise additional issues. RULE 809.32(1)(e). Then, the appellate court not only examines the no-merit report but also conducts its own scrutiny of the record to find out whether there are any potential appellate issues of arguable merit. *Anders*, 386 U.S. at 744. Finally, the appellate court's no-merit decision sets forth the potential appellate issues and explains in turn why each has no arguable merit. RULE 809.32(3).

¶ 22. *Wilkinson v. Cowan*, 231 F.3d 347, 349 (7th Cir. 2000), is an example of a case in which the no merit procedures were not followed. *See Tillman*, 281 Wis. 2d 157, ¶ 20 n.5. Wilkinson had raised the issue of ineffective assistance of counsel in a pro se postconviction motion, but the issue had been dismissed by the trial court, and Wilkinson had failed to re-raise it in a response to a no-merit report. *Wilkinson*, 231 F.3d at 349. The court found that the no-merit procedures were not followed because while the clerk of court advised

Wilkinson that he could respond to the no-merit report, he was not told that a response was a matter of obligation if he wanted to preserve his claim for further review, and was thus "not invited to file a response [to the no-merit report]," within the meaning of the statute. *Id.* at 349–51. As a result, the court held that Wilkinson was not barred from re-raising the issue. *Id.* at 348.

¶ 23.   In this case, it is, as mentioned, undisputed that Fortier was informed by his appellate counsel of his right to file a response to the no-merit report and that Fortier did not file a response. *See* Wis. Stat. Rule 809.32(1)(e). However, it is equally undisputed that in his no-merit report, Fortier's appellate counsel failed to raise the fact that an illegally raised sentence at resentencing could be a meritorious issue, and on the contrary, stated that no issues of arguable merit existed. *See* Rule 809.32(1)(a). Similarly, it is also clear that this court did not identify the increased sentence as a potential appellate issue and, instead concluded:

> The court has reviewed the no merit report and has conducted an independent review of the appellate record. Based upon that review, the court concludes that there would be no arguable merit to any issue that could be raised on appeal. We therefore summarily affirm the judgment of conviction . . . .

¶ 24.   However, it is now evident that the issue of a sentence illegally increased at sentencing, which was eventually raised by Fortier in a motion to reduce sentence on October 1, 2004, is indeed an issue of arguable merit. The issue was hence overlooked not only by Fortier, but also by his appellate counsel, who filed the no-merit report addressing only the issue of erroneous exercise of sentencing discretion and con-

190

cluding that no issues of arguable merit remained, and by this court, that agreed with the no-merit report.

¶ 25. Fortier explains that because the no-merit report did not identify any potential appellate issues, he "did not realize that the enhanced penalties upon re-sentencing were an appellate issue and did not respond to the no merit report." He maintains that because "both the appellate attorney and the appellate court had far more training and experience in identifying appellate issues than [him]," it is both "unfair and a miscarriage of justice" to hold that he waived his right to object to the increased sentence.

¶ 26. The State predictably disagrees, and argues that Fortier is procedurally barred under WIS. STAT. § 974.06 and *Escalona* from raising the issue. The State asserts that Fortier "offers no support, however, for his theory that ignorance is a sufficient reason to avoid the procedural bar," and argues that Fortier's failure to raise the issue in a response to the no-merit report, or even in his subsequent motion on February 27, 2003, should bar him from doing so now. We disagree.

¶ 27. Had Fortier's appellate counsel performed the requisite "conscientious examination" of the case, *Anders*, 386 U.S. at 744, he would have identified an illegally-raised sentence as a potential appellate issue and would not have filed a no-merit report, asserting that any further appeal would be frivolous. Likewise, because this court failed to identify the existence of an issue of arguable merit, "a full examination" was not conducted. *Id.* We therefore conclude that the no-merit procedures, under *Anders* and WIS. STAT. RULE 809.32, were not followed in this case, and agree that Fortier's appellate counsel and this court should have identified the raised sentence at resentencing as an issue of arguable merit. *See Tillman*, 281 Wis. 2d 157, ¶ 20.

Because we cannot fault Fortier for his reliance on his appellate counsel's assertion in the no-merit report that there were no issues of arguable merit, we are satisfied that Fortier has shown a "sufficient reason" for failing to raise the issue in a response to the no-merit report. WIS. STAT. § 974.06(4); *Escalona*, 185 Wis. 2d at 181. Accordingly, Fortier is not procedurally barred from raising the issue of a sentence illegally raised.

¶ 28. We believe it is appropriate to return the case to the trial court to give that court the first opportunity to consider the merits of Fortier's argument for reduced sentences, and we thus reverse and remand for a hearing at the trial court.[5]

---

[5] We do not dispute the Dissent's remark that Fortier does not meet the standard of presumptive vindictiveness under *State v. Naydihor*, 2004 WI 43, ¶¶ 32–56, 270 Wis. 2d 585, 678 N.W.2d 220. *See* Dissent, ¶ 2. We also agree that this leads to the question of whether the trial court erroneously exercised its discretion when it re-sentenced Fortier. *State v. Gallion*, 2004 WI 42, ¶ 17, 270 Wis. 2d 535, 678 N.W.2d 197. *See* Dissent, ¶ 3. However, we feel that even if the new sentence alone might not amount to an erroneous exercise of sentencing discretion, the question of whether raising the sentence was illegal remains, and could potentially have been an erroneous exercise of discretion for the reasons Fortier voices in his appeal. No new factor was presented in this case that would have justified the significant increase in Fortier's sentence. *See State v. Pierce*, 117 Wis. 2d 83, 88, 342 N.W.2d 776 (Ct. App. 1983). We believe that this, at the very least, presents an issue that has arguable merit. We also see a particular reason for caution, given that the reason Fortier was unable to make these arguments sooner was due to the oversight by his former attorney and this court. Thus, unlike the Dissent, we believe Fortier should be given the chance to present his arguments for why the new sentence might have been illegally raised, and we think it is premature to at this juncture make a determination about the appropriateness of the raised sentence.

¶ 29. Because we reverse and remand based on our determination that Fortier has demonstrated a "sufficient reason" for his failure to raise the issue in his original appeal, and is not barred from raising it now, we need not address Fortier's remaining arguments for why he should not be barred from raising the issue. *See Sweet v. Berge*, 113 Wis. 2d 61, 67, 334 N.W.2d 559 (Ct. App. 1983) (if a decision on one point disposes of an appeal, we will not decide other issues raised). Similarly, because we remand to the trial court the question of whether Fortier's resentencing was proper or whether the sentence should be modified, we also do not reach Fortier's subsequent claim that his increased sentence should be reduced to the terms of the original sentence. *See id.* Accordingly, the order is reversed and the cause remanded for a hearing on the merits of Fortier's claim.

*By the Court.*—Order reversed and cause remanded.

¶ 30. FINE, J. (*concurring/dissenting*). I agree with the Majority that under the circumstances of this case Ricky J. Fortier is not barred by *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 181, 517 N.W.2d 157, 162 (1994), from seeking redress on this appeal. I disagree, however, with the Majority's decision to remand.

¶ 31. First, the Majority does not assert that there is a presumption of unlawful vindictiveness that tainted Fortier's second sentencing. Indeed, under *State v. Naydihor*, 2004 WI 43, ¶¶ 32–56, 270 Wis. 2d 585, 608–623, 678 N.W.2d 220, 232–240, there is no presumption that vindictiveness infected the resentencing unless the error that led to the need for resentencing was that of the sentencing court. Here, as the Majority notes, the error that tainted the first sentencing in this case was made by the *prosecutor,* not by the judge, and,

moreover, a different judge imposed the increased penalties after our remand. Absent a presumption of sentencing vindictiveness, a defendant who contends that the record does not justify the increased penalties "is required to demonstrate actual vindictiveness in order to prevail." *Id.*, 2004 WI 43, ¶ 33, 270 Wis. 2d at 609–610, 678 N.W.2d at 233. Fortier has not done that.

¶ 32. Second, in light of the absence of any evidence of sentencing vindictiveness—by virtue of either the presumption discussed in *Naydihor*, or actual vindictiveness shown by Fortier—this case presents a simple appellate issue: did the second trial judge erroneously exercise her discretion in Fortier's resentencing. *See State v. Gallion*, 2004 WI 42, ¶ 17, 270 Wis. 2d 535, 549, 678 N.W.2d 197, 203 ("It is a well-settled principle of law that a circuit court exercises discretion at sentencing. On appeal, review is limited to determining if discretion was erroneously exercised.") (citation omitted). Thus, I do not understand *why* the Majority is remanding the case to the trial court for, presumably, an evidentiary hearing.

¶ 33. Third, I have read closely the trial court's sentencing explanation of why it was imposing the 1,000 hours of community service, and why the trial court was concerned that Fortier needed significant help to avoid relapse into either alcohol dependency (which Fortier indicated he had resolved) or illegal-substance dependency (which the trial court determined was Fortier's alcohol-surrogate). Significantly, the trial court explained that the 1,000 hours were not to be make-work punishment, but, rather, were "to be performed at an organization which is appropriate to deal with persons who have addictions to controlled

substance[s], or alcohol."[1] Thus, the trial court also directed that Fortier participate in "a program of counseling and treatment at least four times a week. All the time that you're on probation." Further, the five-year suspension of Fortier's driving privileges is consistent with any sentencing court's mandate to protect the public: persons who have a proclivity to use substances that adversely affect their reasoning and their motor-skills and reflexes should not be driving. A defendant who contends that a trial court erroneously exercised its sentencing discretion must show that the trial court based the defendant's sentence on "clearly irrelevant or improper factors." *Ibid.* Fortier has not done so here.

¶ 34.   In sum, I do not perceive how the trial court erroneously exercised its sentencing discretion on remand, and, accordingly, I would affirm. Thus, I respectfully dissent from the Majority's decision to remand this case for a hearing, although, as noted, I agree that Fortier's arguments on this appeal are not barred by *Escalona-Naranjo*.

---

[1] One-thousand hours spread over the four years, as directed by the trial court, works out to a mere five hours per week on a fifty-week year. Many persons who have not been convicted of crimes volunteer more time than that to their community. In my view, it is far from unreasonable to require that Fortier do the same.