PER CURIAM.
¶1 Pablo Ruiz-Velez appeals an order denying his WIS. STAT. § 974.06 (2017-18)[1] postconviction motion without a hearing. Ruiz-Velez claims his trial counsel performed deficiently by: (1) failing to present expert Richard A.P.[2] evidence; and (2) failing to call an expert witness to rebut certain testimony provided by one of the State's expert witnesses. He also claims his appellate counsel provided ineffective assistance by failing to raise these issues on direct appeal. We reject his arguments and affirm.
BACKGROUND
¶2 In 2006, following a jury trial, Ruiz-Velez was convicted of two counts of repeated first-degree sexual assault of the same child. As relevant to this appeal, the evidence the State presented at trial included: (1) two videotaped interviews in which Ruiz-Velez's eight-year-old victim described multiple occasions when Ruiz-Velez vaginally penetrated her; and (2) expert testimony from Dr. Judy Guinn, who stated that she saw no evidence of penetration or injury during an examination of the victim's genital area but that "you can have [vaginal] penetration and still see a normal hymen on exam." Ruiz-Velez ultimately received concurrent sentences on each count, consisting of twenty years' initial confinement and twenty years' extended supervision.
¶3 Ruiz-Velez's appellate counsel subsequently filed a postconviction motion, alleging that trial counsel had provided Ruiz-Velez ineffective assistance during plea negotiations. The circuit court denied the motion following a lengthy evidentiary hearing. Appellate counsel then filed a no-merit report with this court pursuant to WIS. STAT. RULE 809.32. See State v. Ruiz-Velez , No. 2009AP2650-CRNM, unpublished op. and order at 2 (WI App Mar. 3, 2011).
¶4 In her no-merit report, counsel identified and addressed four possible claims of ineffective assistance of trial counsel. Id. Ruiz-Velez responded to the report, asserting three more possible claims of ineffective assistance. Id. at 17-18. Upon our independent review of the record, as mandated by Anders v. California , 386 U.S. 738 (1967), we concluded "that an appellate challenge to the effectiveness of trial counsel would lack arguable merit," and we summarily affirmed the judgment of conviction. Ruiz-Velez , No. 2009AP2650-CRNM, at 10, 19.
¶5 In 2017, Ruiz-Velez, pro se, moved for postconviction relief under WIS. STAT. § 974.06, raising two claims of ineffective assistance of his trial counsel that were not raised in the no-merit report or Ruiz-Velez's no-merit response. Specifically, he claimed that his trial counsel was ineffective by failing to present expert Richard A.P. evidence and by failing to present expert testimony to rebut Dr. Guinn's testimony. He also claimed that his appellate counsel performed ineffectively by failing to raise these arguments on direct appeal.
¶6 The circuit court denied Ruiz-Velez's WIS. STAT. § 974.06 motion without a hearing. The court concluded: (1) Ruiz-Velez failed to provide a sufficient reason for why he failed to assert his new ineffective assistance of trial counsel claims in his response to the no-merit report; (2) Ruiz-Velez's claims were speculative and therefore lacked apparent merit; and (3) Ruiz-Velez failed to show that his claims were clearly stronger than the claims considered in the no-merit appeal. Ruiz-Velez now appeals.
STANDARDS OF REVIEW
¶7 Absent a sufficient reason, a defendant may not bring a claim in a WIS. STAT. § 974.06 motion if that claim could have been raised in a prior motion or direct appeal. See State v. Escalona-Naranjo , 185 Wis. 2d 168, 185-86, 517 N.W.2d 157 (1994). The procedural requirements of Escalona-Naranjo are applicable even when a prior appeal was a no-merit appeal. See State v. Allen , 2010 WI 89, ¶16, 328 Wis. 2d 1, 786 N.W.2d 124. Whether a § 974.06 motion alleges a sufficient reason for failing to bring available claims earlier is a question of law that we review de novo. State v. Romero-Georgana , 2014 WI 83, ¶30, 360 Wis. 2d 522, 849 N.W.2d 668.
¶8 Similarly, whether a WIS. STAT. § 974.06 motion is sufficient to warrant an evidentiary hearing is a question of law that we review de novo. State v. Balliette , 2011 WI 79, ¶18, 336 Wis. 2d 358, 805 N.W.2d 334. If a motion alleges sufficient material facts-i.e., who, what, where, when, why, and how-that, if true, would show a defendant was entitled to relief on his or her claims, then a circuit court must hold an evidentiary hearing. See State v. Allen , 2004 WI 106, ¶23, 274 Wis. 2d 568, 682 N.W.2d 433. However, when a motion contains insufficient allegations or is conclusory, the circuit court has the discretion to grant or deny the hearing, and we review the court's decision whether to grant the hearing for an erroneous exercise of that discretion. Romero-Georgana , 360 Wis. 2d 522, ¶30.
¶9 Whether Ruiz-Velez's counsel was ineffective presents a mixed question of law and fact. See Balliette , 336 Wis. 2d 358, ¶19. The circuit court's findings of fact will not be reversed unless shown to be clearly erroneous. Id. However, the ultimate conclusion as to whether the there was ineffective assistance is a question of law we review de novo.
DISCUSSION
¶10 On appeal, Ruiz-Velez renews his claims that his trial counsel was ineffective by failing to present Richard A.P. evidence and by failing to present expert testimony to rebut Dr. Guinn's testimony that "you can have [vaginal] penetration and still see a normal hymen on exam." In support of his first claim, Ruiz-Velez contends that "Richard A.P. expert evidence ... may have revealed that [Ruiz-Velez] does not have the characteristics of known sex offenders." Regarding his second claim, Ruiz-Velez asserts that "[h]ad trial counsel ... obtained a rebuttal expert, [he or she] may have testified that you cannot have penetration and still have a normal hymen."
¶11 We begin with whether Escalona-Naranjo bars both of Ruiz-Velez's claims. The State contends that application of the Escalona-Naranjo bar is warranted because the two ineffective assistance claims Ruiz-Velez raised in his WIS. STAT. § 974.06 motion were both available to him on direct appeal, yet he failed to raise them. Ruiz-Velez, relying on State v. Fortier , 2006 WI App 11, ¶20, 289 Wis. 2d 179, 709 N.W.2d 893, responds that it was his appellate counsel's duty to conduct a conscientious review of the record and raise the present claims. Because appellate counsel failed to do so, Ruiz-Velez asserts he has a sufficient reason for failing to raise his present claims on direct appeal.
¶12 We assume, without deciding, that Fortier provides Ruiz-Velez a sufficient reason for having failed to raise his present ineffective assistance claims on direct appeal. We therefore decline to apply the Escalona-Naranjo procedural bar to his claims. Nevertheless, we agree with the State that the circuit court properly denied Ruiz-Velez's WIS. STAT. § 974.06 motion without a hearing.
¶13 To prevail on an ineffective assistance claim, a defendant must show that his or her counsel's performance was deficient and that the deficiency was prejudicial. Balliette , 335 Wis. 2d 358, ¶21. An attorney's conduct is deficient when it falls below an objective standard of reasonableness. Id. , ¶22. Deficient performance is prejudicial if there is a reasonable probability that, but for counsel's deficient performance, the result of a proceeding would have been different. State v. Sholar , 2018 WI 53, ¶45, 381 Wis. 2d 560, 912 N.W.2d 89.
¶14 Again, to warrant an evidentiary hearing a defendant's WIS. STAT. § 974.06 motion must allege sufficient material facts that, if true, would show a defendant was entitled to relief on his or her claims. See Allen , 274 Wis. 2d 568, ¶23. Therefore, in the context of an ineffective assistance claim that faults trial counsel for failing to call a certain witness, a defendant must identify the witnesses whom counsel failed to call and must show, with specificity, what their testimony would have been. See State v. Leighton , 2000 WI App 156, ¶42, 237 Wis. 2d 709, 616 N.W.2d 126. Ruiz-Velez has failed to do so. Instead, he has offered only conclusory arguments that rest on unproven assumptions.
¶15 Ruiz-Velez's argument that his counsel provided deficient performance by failing to call an expert who may have provided Richard A.P. evidence relies on the assumption that there was an expert willing to testify that, at the time of the charged offenses, Ruiz-Velez actually lacked the psychological traits of a sex offender. Similarly, his argument that counsel performed deficiently by failing to call an expert who may have testified that it is impossible for a girl to have been penetrated vaginally, yet still have a normal hymen, assumes that there was an expert willing to give such testimony. However, Ruiz-Velez's WIS. STAT. § 974.06 motion does not provide any averments to support those assumptions. An "evidentiary hearing is not a fishing expedition to discover ineffective assistance; it is a forum to prove ineffective assistance." Balliette , 336 Wis. 2d 358, ¶68. Because Ruiz-Velez's motion rests on sheer speculation, he failed to allege sufficient material facts to show his trial counsel was deficient. See id. , ¶18. We therefore conclude the circuit court did not erroneously exercise its discretion by denying Ruiz-Velez's motion without a hearing.
¶16 Ruiz-Velez also alleges that his appellate counsel provided him with ineffective assistance by failing to raise the above issues of ineffective assistance of trial counsel in appellant counsel's no-merit report. In doing so, Ruiz-Velez bears the burden to show that his WIS. STAT. § 974.06 claims are "clearly stronger" than the claims his appellate counsel actually identified. See Romero-Georgana , 360 Wis. 2d 522, ¶46. As we presume that appellate counsel acted reasonably, Ruiz-Velez must explain why appellate counsel's failure to raise the present issues cannot be explained or justified. See Balliette , 336 Wis. 2d 358, ¶¶27, 69. We conclude that Ruiz-Velez has failed to do so for the following three reasons.
¶17 First, although Ruiz-Velez argues in his appellate brief that his new issues are clearly stronger than those brought on direct appeal, Ruiz-Velez did not mention the clearly stronger requirement in his WIS. STAT. § 974.06 motion. This deficiency cannot be cured on appeal because this court will not read into a § 974.06 motion allegations that are not within the four corners of the motion. See Romero-Georgana , 360 Wis. 2d 522, ¶64.
¶18 Second, even if we were to forgive Ruiz-Velez's failure to address the clearly stronger requirement in his WIS. STAT. § 974.06 motion, his appellate brief fails to demonstrate that the clearly stronger requirement has been satisfied. To be sure, on appeal Ruiz-Velez correctly identifies the clearly stronger test; however, he fails to apply it. Rather, Ruiz-Velez merely contends that because this is a "he said-she said" case, and because we concluded that his claims in his direct appeal were without merit, his new claims are therefore clearly stronger than his previous claims. However, this conclusory assertion does not follow as a matter of logic, and it is meaningless without an actual comparison of Ruiz-Velez's present claims to the claims raised in his prior appeal.
¶19 Third, even if Ruiz-Velez had attempted a comparison between his new and previous claims, it is evident that he could not show that his new claims are clearly stronger than those raised on direct appeal. As explained above, Ruiz-Velez's new claims are without merit because they are based on sheer speculation. Because his new claims are meritless, they cannot be clearly stronger than any claims previously raised.
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

Richard A.P. evidence is evidence introduced by the defendant to show that he or she lacked the psychological characteristics of a sex offender and therefore was unlikely to have committed the charged crime. See State v. Richard A.P. , 223 Wis. 2d 777, 790-95, 589 N.W.2d 674 (Ct. App. 1998) ; see also State v. Davis , 2002 WI 75, ¶1, 254 Wis. 2d 1, 645 N.W.2d 913.